IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WESLEY GROSS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:22cv00688 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| UNKNOWN, | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Wesley Gross, a federal inmate proceeding *pro se*, filed a petition pursuant to 28 U. S. C. § 2241. (Dkt. Nos. 1, 3.) According to Gross, he is currently serving the remainder of his sentence on home confinement and is being monitored by "SECOR in Lebanon, [Virginia]," within the Western District of Virginia. (Dkt. No. 3, at 7.) He argues that his sentence was improperly calculated by the Bureau of Prisons ("BOP") because it failed to give him proper sentence credits under the First Step Act, and he contends that he should no longer be serving any period of custody, including on home confinement.

The United States has filed a response to the petition and asks that it be dismissed. In particular, the United States contends that Gross's claims are moot because he completed his term of home confinement and was released from BOP custody on January 23, 2023. (Dkt. No. 6.)

Gross opposes dismissal, setting forth various reasons why he should be given the credits, even though he has since been released from all BOP custody.[1] He also discusses his successes as a participant in prison programming, emphasizing his hard work and noting that he was awarded the "most invested community member" of his class in the residential drug treatment program. (Dkt. No. 8; *see also* Dkt. No. 8-1, at 1 (copy of his certificate of achievement).) As an alternative to ensuring he is awarded the sentence credits as against any future sentence, he asks the court to

---

[1] Gross also states that the response by the United States admits that the BOP incorrectly calculated his credits and release date, but that is inaccurate. Counsel admitted that he made a mistake in calendaring the response date to Gross's petition, which is the reason why the United States failed to timely respond as ordered by the court. (*See* Dkt. No. 6; *see* Dkt. No. 5 (court's order to show cause).) The response does not concede that there was an error in the calculation of Gross's good-time credits or in his release date. (*See generally* Dkt. No. 6.)

reduce his term of supervised release from five years to four.  (Dkt. N. 8.)  Having considered the arguments of the parties, the court will dismiss the petition as moot.

The jurisdiction of federal courts is limited to live cases or controversies.  U.S. Const. art. III, § 2.  When a claim no longer presents a viable legal issue to resolve, the claim becomes moot.  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 296 (4th Cir. 2007).  In light of Gross's release, this court is no longer able to grant the habeas corpus relief he sought, which was the recalculation of his good-time credits.  Accordingly, the issues in his case are moot.  *See Gore v. Adams*, No. 2:04CV481, 2005 WL 1162525, at *1–2 (E.D. Va. Apr. 26, 2005) (recommending dismissal of petitioner's § 2241 petition seeking recalculation of his good time credits as moot upon his release); *see also Alston*, 178 F. App'x at 296; *Scott v. Schuykill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008) (explaining that § 2241 petition was moot where petitioner challenged good time credits, but was subsequently released; his release meant that "his good time credits ceased to have any effect" (citing 28 C.F.R. § 2.35(b)).

The court further notes that it is without authority to reduce his term of supervised release as part of this habeas case, which is a request that must be made in Gross's criminal case and decided by the judge who sentenced him, Senior United States District Judge James P. Jones.  *See United States v. Gross*, No. 2:15-cr-00015-11 (W.D. Va.).  The court commends Gross, however, on his efforts toward rehabilitation and on his hard work, and it encourages him to continue with those efforts as he serves his term of supervised release.

For the foregoing reasons, respondent's request for dismissal (Dkt. No. 6) will be granted, and Gross's petition will be dismissed as moot.  An appropriate order will be entered.

Entered: April 20, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge